# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIDGET Y. WILSON,<br>        Appellant, | DOCKET NUMBER<br>AT-0831-15-0469-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: October 13, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Bridget Y. Wilson, Linthicum Heights, Maryland, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed a reconsideration decision of the Office of Personnel Management (OPM) that denied her application for survivor annuity benefits.  For the reasons

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

set forth below, the petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

¶2    On August 14, 2015, the administrative judge issued an initial decision that affirmed an OPM reconsideration decision denying the appellant's application for survivor annuity benefits. Initial Appeal File, Tab 14, Initial Decision (ID) at 1-3. The initial decision informed the parties that it would become the final decision of the Board on September 18, 2015, unless a petition for review were filed by that date. ID at 4.

¶3    On June 29, 2016, the appellant filed a petition for review more than 9 months out of time. Petition for Review (PFR) File, Tab 1. The Clerk of the Board informed the appellant that her petition for review appeared to be untimely filed and instructed her to submit evidence and argument showing that the petition for review was timely filed or that good cause existed for the delay in filing. PFR File, Tab 3. In response, the appellant submitted a Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit in which she asserted that she suffers from the residual effects of a motor vehicle accident in 2002 and a concussion at some point in 2015. PFR File, Tab 6. The agency responds in opposition to the petition for review. PFR File, Tab 5.

¶4    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To consider whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely

file her petition.  *Moorman v. Department of the Army*, [68 M.S.P.R. 60](#), 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5     To establish that an untimely filing was the result of an illness, the party must:  (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time.  *Lacy v. Department of the Navy*, [78 M.S.P.R. 434](#), 437 (1998).  To establish good cause for waiver of the Board's filing deadline based on physical or mental illness, there is no general incapacitation requirement; rather, the appellant is required to explain only why her alleged illness impaired her ability to meet the Board's filing deadline or seek an extension of time.  *Lacy*, 78 M.S.P.R. at 437 n.\*.

¶6     The appellant has offered scant medical documentation in support of her claim that a medical condition prevented her from meeting the filing deadline. With her petition for review, the appellant submits two notes from medical practitioners that briefly discuss her progress in recovering from the motor vehicle accident as of 2002 and 2004.  PFR File, Tab 1 at 10-11.  This evidence sheds no light on the appellant's medical condition between approximately August 2015 and June 2016 and does not explain why the appellant could not timely file her petition for review.

¶7     In a supplement to her petition for review, the appellant discusses her medical conditions in the context of explaining her need for the medical benefits that are part of the survivor annuity benefits that form the underlying basis for the appeal.  PFR File, Tab 2.  She states that the accident has caused chronic pain and partial paralysis of her sciatic nerve, which has limited the blood supply to her bones and resulted in bone deterioration.  *Id.* at 1.  She submits a two-page report of an examination on February 27, 2016, of her right hip that found "extensive heterotopic ossification" and degenerative changes around the right hip.  *Id.* at 4−5.  While this evidence corroborates the appellant's claim that she suffers

from chronic pain, it does not explain how it made her unable to file her petition for review or seek an extension of time before the filing deadline elapsed.

¶8        In her motion to accept as timely or to waive the time limit, the appellant refers to documents dated July 2015 that she has not provided and states, "As I recovered from a concussion through 4 months unto November 2015," which we interpret to mean that she suffered a concussion in July 2015 and had recovered by some point in November 2015.  PFR File, Tab 6 at 1.  She then states that she is still recovering from the automobile accident and discusses difficulties she had with her former employer.  The timing and circumstances of the concussion are not at all clear, and the appellant failed to provide the medical documentation that presumably would have corroborated it, but, assuming for the sake of argument that it caused severe enough trauma to incapacitate the appellant until she recovered from it in November 2015, she has not accounted for the time between her recovery from the concussion in November 2015 and the date she filed her petition for review on June 24, 2016.  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶¶ 21-22 (2016) (finding that, even assuming that the appellant's anxiety and depression affected his ability to file his appeal once he began treatment for his mental illness, he did not explain why he could not have filed his appeal during the previous year, particularly where he was able to timely submit an application for disability retirement).

¶9        Previously, the Board has found good cause where the appellant submitted medical evidence providing a detailed explanation of how her illness affected her ability to meet the filing deadline, including evidence that she was unable to understand, remember, and carry out very short, simple instructions; understand, remember, and carry out detailed instructions; perform activities within a schedule; be punctual within customary tolerances; and ask simple questions or request assistance.  *See Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 8 (2012).  In contrast, in another case, where the appellant established that he had torn cartilage in his shoulder but did not explain how that condition

prevented him from timely filing his appeal, the Board did not find good cause. *Pirkkala*, 123 M.S.P.R. 288, ¶ 20.  Here, the appellant's evidence and situation more closely resembles those in *Pirkkala* in that they do not relate the appellant's medical conditions to her inability to file her petition for review on time.

¶10        Accordingly, we dismiss the appellant's petition for review as untimely filed.  This is the Board's final decision regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding OPM's denial of the appellant's application for survivor annuity benefits.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.